UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| TIMMY LOVELACE, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No. 2:10-cv-109<br>Judge Mattice |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) | |
| *Defendant*. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Timmy Lovelace brought this action for judicial review of the final decision of the Commissioner of Social Security that he was not disabled under the Social Security Act. The Court referred this matter to Magistrate Judge William B. Mitchell Carter pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and Recommendation ("R&R").

Magistrate Judge Carter entered his R&R [Court Doc. 14] on May 16, 2011, recommending that the Commissioner's Motion for Summary Judgment [Court Doc. 12] be granted, that Plaintiff's Motion for Summary Judgment [Court Doc. 8] be denied, and that the Commissioner's decision be affirmed. Plaintiff has filed a timely objection to the R&R [Court Doc. 15].

For the reasons stated below, the Court will **OVERRULE** Plaintiff's objection and will **ACCEPT AND ADOPT** Magistrate Judge Carter's Report and Recommendation.

## I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate

Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the R&R to which objections have been made, the Court will directly review the circumstances leading to the determination that Plaintiff was not disabled. *Id*.

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II. FACTS

Magistrate Judge Carter's R&R fully sets forth the relevant facts in this case. There have been no objections to the relevant facts as set forth in the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS BY REFERENCE** the "Relevant Facts" section of the R&R. (Court Doc. 14, R&R at 5-10.)

## III. ANALYSIS

Plaintiff objects to Magistrate Judge Carter's determination that the ALJ's decision was supported by substantial evidence because Plaintiff argues that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician, Dr. Tasker. (Court Doc. 15, Pl.'s Objs. at 1.) Plaintiff asserts three areas in which the ALJ's decision as to Dr. Tasker's opinion was faulty. First, Plaintiff argues that if the ALJ questioned the basis of Dr. Tasker's opinions based on the illegible treatment notes, the ALJ should have contacted Dr. Tasker for clarification. (*Id.* at 1-2.) Next, Plaintiff finds fault with the ALJ's heavier reliance on the other opinions in the record, which were all completed by consulting physicians who did not examine Plaintiff. (*Id.* at 2.) Finally, Plaintiff argues that if the ALJ

questioned the opinion of Dr. Tasker, the only examining physician, he should have ordered that Plaintiff undergo a consultative physical exam. (*Id.* at 3.) Plaintiff asserts that the ALJ's failure to afford proper weight to Dr. Tasker's opinion for the reasons above renders his residual functional capacity ("RFC") determination unsupported by substantial evidence. (*Id.*)

Plaintiff also objects to the ALJ's failure to address Plaintiff's mental limitations as noted by the reviewing state agency psychologists. (Pl.'s Objs. at 3.) Plaintiff asserts that the ALJ should have addressed these specific limitations because the Vocational Expert ("VE") testified that there would be no jobs Plaintiff could perform if he had those limitations. (*Id.*)

In his R&R, Magistrate Judge Carter reproduced the portion of the ALJ's decision where the ALJ explained his reasons for affording Dr. Tasker's opinions less weight, and Magistrate Judge Carter noted the ALJ's finding that Dr. Tasker's opinions were not consistent with Dr. Tasker's own medical findings on examination. (R&R at 12-13.) Magistrate Judge Carter observed, as did the ALJ, that Dr. Tasker's notes were largely illegible, largely consisted of diagnoses without any treatment notes explaining the diagnoses, and showed mostly minimal findings. (*Id.* at 13-14.) Magistrate Judge Carter next recounted the applicable medical evidence in the record, which showed generally normal or mild findings, and noted that the consulting physicians opined that Plaintiff did not have any severe physical impairments. (*Id.* at 14-15.) Therefore, Magistrate Judge Carter concluded that the ALJ had a reasonable basis for affording little weight to Dr. Tasker's opinions, as they lacked support from the medical evidence and were at odds with

the opinions of consulting physicians. (*Id.* at 14.) Moreover, Magistrate Judge Carter noted that the ALJ gave Plaintiff the benefit of the doubt on his allegations of pain by limiting him to medium work, which was more restrictive than the level of work imposed by the consulting physicians. (*Id.* at 15.) Finally, Magistrate Judge Carter concluded that the ALJ did not need to order a consultative physical exam of Plaintiff because substantial evidence in the record supported his decision. (*Id.* at 17.)

As to Plaintiff's mental impairments, Magistrate Judge Carter noted that the ALJ discounted Dr. Tasker's opinion in this regard because he did not specialize in mental health treatment. (R&R at 15.) Magistrate Judge Carter found that the ALJ properly included Plaintiff's mental limitations in his RFC and his question to the VE, despite Plaintiff's arguments that the opinions of the reviewing psychologists were not adequately considered. (*Id.* at 16-17.)

The Court has reviewed the record in this case and agrees with Magistrate Judge Carter's findings and conclusion. Plaintiff's first objection with regard to the ALJ's decision to afford little weight to Dr. Tasker's opinion invokes the regulation regarding recontact, which provides that if the evidence received from the treating physician, psychologist, or other source is inadequate to make the disability determination, the ALJ will recontact the physician and seek out other evidence or clarification, if available. 20 C.F.R. § 404.1512(e). Although Plaintiff cites to case law from other appellate courts to support his argument, the United States Court of Appeals for the Sixth Circuit recently elucidated a two-part test from Social Security Ruling 96-5p, which parallels the requirements in § 404.1512(e). First, the evidence in the record must not support the treating physician's opinion. *Ferguson v. Comm'r*, 628 F.3d 269, 273 (6th Cir. 2010). Second, the ALJ must

be unable to ascertain the basis of the opinion from the evidence in the record. *Id.* Based on the facts in *Ferguson*, the Sixth Circuit determined that the second prong of the test was not met because the ALJ explained that the applicable physician's opinion was based on self-reported history and subjective complaints, not on objective medical evidence. *Id.* The Sixth Circuit noted that "to the extent the ALJ 'rejected' Dr. Erulkar's 'opinion of disability,' he did so not because the bases for her opinion were unclear to him, but because those bases, Ferguson's self-reported history and subjective complaints, were not supported by objective medical evidence." *Id.*

In the instant case, the Court is faced with a very similar situation, complete with the illegible and incomplete treatment notes that were also at issue in *Ferguson*. *Id.* at 272. The ALJ specifically noted in his decision that Dr. Tasker's opinion as to Plaintiff's mental impairments was "based mainly on subjective complaints and not objective findings." (Administrative Record ("AR") at 17.) Similarly, as to Plaintiff's physical impairments, the ALJ wrote that Dr. Tasker's opinion "is not consistent with his own medical findings on examination . . . . Examinations have shown only minimal findings and are certainly not consistent with an individual who is limited to less than sedentary work." (*Id.* at 16.) The Court finds that the ALJ was able to ascertain the basis for Dr. Tasker's opinion because the ALJ noted that it was based on Plaintiff's subjective complaints, not objective medical evidence. The Court further notes that the Sixth Circuit, in *Poe v. Comm'r*, 342 F. App'x 149 (6th Cir. 2009), applying 20 C.F.R. § 404.1512(e), stated that "an ALJ is required to re-contact a treating physician only when the information received is inadequate to reach a determination on claimant's disability status, not where, as here, the ALJ rejects the

limitations recommended by that physician." *Id.* at 157 n. 3. Thus, the Court concludes that the ALJ need not have contacted Dr. Tasker for clarification pursuant to 20 C.F.R. § 404.1512(e).

The Court further agrees with Magistrate Judge Carter's findings with respect to the ALJ's decision on Plaintiff's physical impairments. The ALJ explained at some length his explanation for affording Dr. Tasker's opinions little weight in favor of the opinions of non-examining physicians, and the Court finds that the weight of the evidence in the record supported this decision. As Magistrate Judge Carter pointed out, Plaintiff's physical examinations and the objective medical evidence in the record showed only normal or mild findings. This was at odds with Dr. Tasker's opinion of severe impairment and more in line with the opinions of non-examining physicians who found mild impairment. The ALJ therefore had a sound basis for rejecting Dr. Tasker's opinion, and the ALJ accommodated Plaintiff with regard to assigning his RFC by giving additional credence to Plaintiff's subjective complaints of pain. Moreover, the Court agrees with Magistrate Judge Carter's finding that the ALJ was not required to order a consultative exam of Plaintiff because there was evidence in the record to support his decision. The Court concludes that the resulting RFC was supported by substantial evidence.

Finally, the Court concludes that the ALJ properly excluded Dr. Tasker's opinion as to Plaintiff's mental impairments and properly addressed Plaintiff's mental limitations in the hypothetical question posed to the VE. Although Plaintiff argues that the VE testified that there would be no jobs if Plaintiff had all the mental limitations indicated by the reviewing psychologists, the Court must agree with Magistrate Judge Carter's finding that Plaintiff was isolating a few boxes the reviewing psychologists marked with "marked" or "moderate"

limitations to support his argument, but that this box-checking is not consistent with the summaries of Plaintiff's Functional Capacity. Dr. Davis wrote in the summary that Plaintiff "can understand and remember simple and detailed tasks, can concentrate and attend to the same tasks, despite some difficulty, can interact with coworkers, supervisors and the general public without significant limitations" and "can adapt to work-like settings and changes with some, but not substantial, difficulty." (AR at 268.) Dr. Joslin's summary was similar, although she also noted that Plaintiff could "maintain attention, concentration, persistence and pace" but was "unable to interact approp with general public." (*Id.* at 210.) The ALJ's hypothetical question for the VE limited Plaintiff to medium work, "simple, routine, repetitive, work; no public contact; and occasional contact with supervisors and coworkers." (AR at 30.) The Court agrees with Magistrate Judge Carter's conclusion that the ALJ's hypothetical question adequately encompassed the evidence in the record regarding Plaintiff's mental limitations.

Accordingly, the Court agrees with Magistrate Judge Carter's conclusion that the ALJ properly gave little weight to the opinion of Dr. Tasker and adequately reviewed the evidence of Plaintiff's physical and mental impairments to reach the conclusion that Plaintiff did not have any disabling impairments. The Court thus concludes that the Commissioner's decision was supported by substantial evidence. Plaintiff's objections to Magistrate Judge Carter's R&R are **OVERRULED** and Magistrate Judge Carter's recommendation that the Commissioner's decision be affirmed is **ACCEPTED and ADOPTED**. The Commissioner's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

- Plaintiff's Objection [Court Doc. 15] to Magistrate Judge Carter's Report and Recommendation is **OVERRULED**;
- Magistrate Judge Carter's Report and Recommendation [Court Doc. 14] is **ACCEPTED AND ADOPTED** in its entirety;
- The Commissioner's Motion for Summary Judgment [Court Doc. 12] is **GRANTED**;
- Plaintiff's Motion for Summary Judgment [Court Doc. 8] is **DENIED**; and
- The Commissioner's decision is **AFFIRMED**.

**SO ORDERED** this 7th day of July, 2011.

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE